UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH CARLTON ASHLEY

                        Petitioner,        CRIMINAL CASE NO. 05-50023

v.

UNITED STATES OF AMERICA,        HONORABLE PAUL V. GADOLA
                                                  U.S. DISTRICT JUDGE
                        Respondent.
_____/

## ORDER DENYING MOTION FOR RECUSAL

On June 25, 2007, Petitioner filed a "Pro se motion to recuse the Judge pursuant to 28 U.S.C. § 455(a)" [docket entry #107]. Petitioner filed a virtually identical motion, with a new signature date, on July 6, 2007 [docket entry #112]. Petitioner makes various arguments, purportedly in support of his motion for recusal. Among others, Petitioner argues that the Court "has no jurisdiction," "intervene[d] in the plea agreement," and has issued "erratic rulings."

Petitioner's motion is entitled as one pursuant to 28 U.S.C. § 455, however Petitioner also references 28 U.S.C. § 144. In any event, according to the United States Court of Appeals for the Sixth Circuit, Sections 144 and 455 are to be read "in pari materia." *Green v. Nevers*, 111 F.3d 1295, 1303 (6th Cir. 1997); *Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355 (6th Cir. 1988). Furthermore, motions brought under either section are entrusted to the sound discretion of the trial court. *Green*, 111 F.3d at 1303.

Disqualification under either Section 144 or 455 must be predicated "upon extrajudicial

conduct rather than on judicial conduct," and upon "a personal bias as distinguished from judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id*. at 1303-04 (quotations and citations omitted). Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). It is well-settled that adverse rulings during the course of proceedings are not by themselves sufficient to establish bias or prejudice which will disqualify the presiding judge. *See Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir. 1956); *see also City of Cleveland v. Krupansky*, 619 F.2d 576, 578 (6th Cir. 1980) (holding that on motion to disqualify judge, facts stated with particularity were to be taken as true, but affidavits which were conclusory or constituted merely opinions were not sufficient).

In the present case, Petitioner has not demonstrated any of the factors requiring disqualification, as provided by federal statute. *See* 28 U.S.C. § 455. Construed in the most liberal light, Petitioner's allegations are merely points of disagreement with this Court's rulings; allegations insufficient to form the basis for disqualification. *See Knapp v. Kinsey,* 232 F.2d 458, 466 (6th Cir. 1956). Petitioner has not shown that the Court harbors "any personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." 28 U.S.C. § 455(b)(1). Petitioner has not referred to any extrajudicial conduct arising out of this Court's background and associations. *See Green*, 111 F.3d at 1303-04. Therefore, this Court concludes that Petitioner has presented no factual basis to support a motion under either Section 144 or Section 455 and his motion is without merit.

Accordingly, it is hereby ordered that Petitioner's "Motion to Recuse the Judge Pursuant to 28 U.S.C. § 455(a)" [docket entry #107, duplicate at docket entry #112] is denied.

**SO ORDERED.**

Dated:    August 15, 2007             s/Paul V. Gadola
                                      HON. PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   August 15, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                   Mark C. Jones                              , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                Keith Ashley                        .


                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845

Certificate of Service

I hereby certify that on _____ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .

_____
Ruth A. Brissaud, Case Manager
(810) 341-7845

4