UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH CARLTON ASHLEY,

    Petitioner,                                                   Criminal No. 05-CR-50023

v.                                                         DISTRICT JUDGE PAUL V. GADOLA
                                                                MAGISTRATE JUDGE STEVEN D. PEPE

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION FOR AN EVIDENTIARY HEARING (Dkt. # 105, # 106)

On June 19, 2007, Petitioner filed a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (hereinafter, "Motion under § 2255") (Dkt. # 103). Petitioner also filed a motion for appointment of counsel on June 22, 2007, and a motion for evidentiary hearing on June 25, 2007 (Dkt. # 105, # 106). Pursuant to 28 U.S.C. 636(B)(1)(A), these matters were referred to the undersigned on August 15, 2007 (Dkt. # 118).

The law of this circuit indicates that failure to file a notice of appeal, under certain circumstances, can constitute *per se* ineffective assistance of counsel and this is the case even where the petitioner waived his right to appeal in a plea agreement .[1]

---

[1] *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) (holding that "the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth Amendment"); *Carrion v. United States*, 107 Fed. Appx. 545, 547 (6th Cir. 2004) (in the case of a defendant who waived his right to appeal in a plea agreement, "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*,

More information than is currently contained in the record is needed in order to make a determination of facts relevant to a resolution of Petitioner's claim. These include, among others, the following:

1. Did Petitioner's counsel consult [2] with Petitioner about filing an appeal?

2. Did Petitioner ask his counsel to file a notice of appeal or instruct his counsel not to file an appeal?

The docket in this case shows that while Barry Wolf of Flint was initially appointed counsel for Petitioner under the Criminal Justice Act, on August 23, 2005, Petitioner's retained counsel Terry A. Price of Detroit substituted in for Mr. Wolf. The docket and current listing in the Directory for the State Bar of Michigan indicates contact information for Terry A. Price as:

> 1150 Griswold
> Suite 2500
> Detroit, MI 48226
> Ph: 313-965-3230
> Fax: 313-965-3403

Therefore, **IT IS ORDERED** that:

1. Because Petitioner was assigned counsel initially in this case (Dkt. #36), and was detained pending trial (Dkt. # 39 & 70) and later incarcerated after sentencing, it is assumed his financial status has not significantly changed. Thus his motion for appointments of counsel is provisionally **GRANTED.**

---

irrespective of whether the appeal would be successful"). *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2002) ("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable").

[2] In this context, "consult" has a specific meaning: to "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a reasonable effort to discover the defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. at 478. Counsel has a constitutionally imposed duty to "consult" with the defendant when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. at 480.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, counsel is appointed under 18 U.S.C. § 3006A for this evidentiary hearing. Petitioner is ordered to complete and return to the Court CJA Form 23, Financial Affidavit, that within the envelope both of which are attached to Petitioner's copy..

2. An evidentiary hearing will be held at a time and place in January or February 2008, as agreed to by counsel and my deputy courtroom clerk.

3. The parties shall appear at the evidentiary hearing and arrangements will be made to provide for Petitioner's presence.

4. All witnesses and material evidence relevant to the above-listed inquiries must be produced at this hearing.

5. The government shall make arrangements to assure the presence of Terry A. Price whose testimony may be essential to a full development of the record.

6. Questions or concerns regarding these arrangements can be directed to my Deputy Clerk, Pete Peltier, at (810) 341-7887, or by mail at: Room 140, 600 Church Street, Flint, Michigan 48102.

Dated: December 7, 2007  s/Steven D. Pepe
      Flint, Michigan

Attachments to Petitioner's Copy Only:
CJA Form 23, Financial Affidavit and Return Envelope

**Certificate of Service**

      I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark C. Jones, AUSA, and I hereby certify that I mailed by United States Postal Service the paper (and a CJA Financial Affidavit and return envelope) to the following non-ECF participant: Keith Carlton Ashley #39843-039, FCI Gilmer, P.O. Box 6000, Glenville, WV 26351

                                              s/James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peltier@mied.uscourts.gov