# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Crim. No. 05-50023
                                              Civil No. 07-12603

KEITH CARLTON ASHLEY,

    Defendant.
                                     /

## ORDER CONSTRUING NOTICE OF APPEAL AS A MOTION TO REOPEN THE TIME TO APPEAL AND GRANTING MOTION

On March 29, 2010, the court entered an order dismissing Defendant's motion under 28 U.S.C. § 2255 and issuing a certificate of appealability. On July 1, 2010, Defendant filed a pro se "Notice of Appeal."[1] On September 23, 2010, the Sixth Circuit Court of Appeals remanded the case to this court to determine whether the "Notice of Appeal" could be treated as a motion under Federal Rule of Appellate Procedure 4(a)(6) and, if so, whether the motion should be granted. For the reasons discussed below, the court concludes that the notice should be so construed and should also be granted.

## I. DISCUSSION

Under the Federal Rules of Appellate Procedure, a party has thirty days after the judgment to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). Here, the court issued its order dismissing Defendant's case as well as its "Order Closing Case in Lieu of Judgment," which operates as a final judgment, on March 29, 2010. Defendant's

---

[1]Defendant filed his "Notice of Appeal" with the Sixth Circuit Court of Appeals, but the notice was transferred to this court pursuant to Federal Rule of Appellate Procedure 4(d).

"Notice of Appeal" was filed on July 1, 2010 and is therefore late.

Nonetheless, the rules provide for a mechanism by which a party may file a motion to reopen the time to appeal. Fed. R. App. P. 4(a)(6). While Defendant technically did not file a motion under Rule 4, his "Notice of Appeal," contains details one would normally expect to find in such a motion. Indeed, Defendant's "Notice of Appeal," consists of five hand-written pages, and states more than simply the order that Defendant is appealing. Instead, Defendant also states why his notice is late. He explains that he "made clear" to his court-appointed attorney that he wanted to appeal, but that he has not heard from counsel. (7/1/10 "Notice" at 1.) He further states that when his sister repeatedly called counsel, counsel informed her that "there was nothing from the court." (*Id.*) In light of these representations, the court finds it appropriate to construe the notice, not only as a notice of appeal, but also as a motion to reopen the time for filing an appeal.

A district court may reopen the time to file an appeal if three requirements are met. First, the moving party must not have received notice of the entry of the judgment within 21 days after the judgment was entered. Fed. R. App. P. 4(a)(6)(A). As will be discussed in greater detail below, Defendant did not receive notice of the court's March 29, 2010, order until June 2010. Additionally, the court must find that in granting the motion no party would be prejudiced. Fed. R. App. P. 4(a)(6)(C). There is no indication here that any party would be prejudiced by allowing Defendant to file a belated notice of appeal. Finally, the court must find that "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R.

App. P. 4(a)(6)(B).

Under this final requirement, Defendant's motion must come within the 180-day time limit, and also within 14 days of learning of the final judgment. See 28 U.S.C. § 2107 (discussing the time limits employed by Rule 4(a)(6)(B) and noting that "whichever is earlier" applies). In his "Notice of Appeal," Defendant states that he received the court's March 29, 2010, order on June 25, 2010. This date is consistent with the court's internal notes, which indicate that the court's case manager mailed a copy of the opinion to him on June 22, 2010.[2] Defendant immediately sent in his "Notice of Appeal," which was docketed within a week from the date Defendant states he received a copy of the opinion. Accordingly, Defendant's "Notice of Appeal," construed as a motion to reopen the appeal period, is timely.

Thus, all three conditions in Rule 4(a)(6) are satisfied, and the court will reopen the time for filing the appeal.

## II. CONCLUSION

IT IS ORDERED that Defendant's July 1, 2010 "Notice of Appeal" [Dkt. # 193] is CONSTRUED as a motion to reopen the time to appeal.

IT IS FURTHER ORDERED that the motion [Dkt. # 193] is GRANTED.

---

[2]In late May, the court's case manager received a telephone call from Defendant's family asking for a status of the case. The case manager informed the family member that the case was over, and the family requested that the court mail a copy of the final order to Defendant. The case manager promptly sent a courtesy copy to Defendant, but it was returned as undeliverable as Defendant was apparently in transit to a different facility. When the case manager ascertained his new location, she re-mailed the order on June 22, 2010. Thus, based on the information before the court, the earliest time that Defendant personally knew of the existence of the court's final order is June 25, 2010, when Defendant states that he received the order.

Because Defendant has already filed a "Notice of Appeal," he need not file an additional notice, and his July 1, 2010 notice is deemed accepted as timely.

                                                 s/Robert H. Cleland
                                                 ROBERT H. CLELAND
                                                 UNITED STATES DISTRICT JUDGE

Dated: October 15, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2010, by electronic and/or ordinary mail.

                                                 s/Lisa G. Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522